UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIE FAMILY LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. _____ ) ) |
| BEVERLY YODER RIGGIO, PATRICIA PLEW KOPRIVA, And RENE MARIE YODER, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR INTERPLEADER

Plaintiff Erie Family Life Insurance Company ("Erie"), by counsel, for its Complaint for Interpleader against Defendants, Beverly Yoder Riggio, Patricia Plew Kopriva and Rene Marie Yoder, states as follows:

### Parties

1. Erie is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Erie, Pennsylvania. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Erie is a citizen of Pennsylvania.

2. At all times relevant to this complaint, Erie was a duly licensed insurance company authorized by the State of Indiana to conduct business in Indiana and to issue the policy of life insurance that is the subject of this action.

3. Defendant Beverly Yoder Riggio resides at 7679 S. Quinn Avenue,

Gilbert, Arizona 85298 and is, therefore, a citizen of Arizona. Beverly Yoder Riggio is the sister of the late James Yoder.

4. Defendant Patricia Plew Kopriva resides at 230 E. Oakside Street, South Bend, Indiana 46614 and is, therefore, a citizen of Indiana. Patricia Plew Kopriva is the step-daughter of the late James Yoder.

5. Defendant Rene Marie Yoder resides at 610 Dice Street, South Bend, Indiana 46614 and is, therefore, a citizen of Indiana. Rene Marie Yoder was formerly married to the late James Yoder.

## Jurisdiction and Venue

6. This Court has jurisdiction of this interpleader action pursuant to 28 U.S.C. § 1335 because the amount of the insurance proceeds at issue is more than $500, there is diversity among two or more adverse defendants, Erie admits that the insurance proceeds are owed, Erie is potentially exposed to double or multiple liability, and Erie has filed a motion to interplead funds.

7. Venue is proper in this Court under 28 U.S.C. § 1391 and § 1397 because at least one defendant resides in this judicial district.

## Grounds for Interpleader

8. On April 8, 2006, Erie issued to James Yoder a Flagship Term Plus 20-Year life insurance policy with the policy number T07300410 (the "Policy"). While the Policy was issued at a time before Erie began keeping a copy of each original policy, a sample policy, similar in kind to the Policy, is attached as Exhibit 1.

9. Pursuant to the Policy, in the event of James Yoder's death, Erie

promised to pay to the beneficiary the death benefits of $100,000.

10. When the Policy was issued, Rene Yoder was listed as its primary beneficiary with all surviving children as contingent beneficiaries.

11. In November 2022, Erie received a Beneficiary & Ownership Change Form for the Policy that instructed Erie to remove Rene Yoder as primary beneficiary of the Policy and to designate Beverly Yoder Riggio and Patricia Plew Kopriva as primary beneficiaries, each receiving 50 percent of the proceeds. A copy of the Beneficiary & Ownership Change Form, signed by both James Yoder and his insurance agent, Randy Beckham, on November 17, 2022, is attached as Exhibit 2.

12. On or about November 23, 2022, Erie issued correspondence to James Yoder, in which it stated that Erie had rejected the changes requested by the Beneficiary & Ownership Change Form as to the beneficiaries of the Policy. The reason stated was that James Yoder's signature on the Form was insufficiently clear. An accurate copy of the November 23, 2022, correspondence is attached as Exhibit 3.

13. James Yoder died on December 1, 2022, leaving behind no children.

14. Beverly Yoder Riggio and Rene Marie Yoder, in competing claims, have both requested that Erie disburse proceeds of the Policy to them.

15. On December 5, 2022, Agent Randy Beckham emailed a written statement to Erie regarding the Policy. Randy Beckham stated that Beverly Yoder Riggio had contacted his office prior to November 17, 2022 asking if James Yoder, whom she said was terminally ill, held life insurance; that Beverly Yoder Riggio indicated James Yoder wished to change the beneficiary of the Policy; that Randy

Beckham witnessed, via the Facetime application, James Yoder sign the Beneficiary & Ownership Change Form; that "James was very sick lying in a hospital bed and most likely on different pain killers and tubes" from what Randy Beckham could see on Facetime; and that, therefore, Randy Beckham could not affirm that James Yoder was 100 percent coherent when signing. An accurate copy of Randy Beckham's statement is attached as <u>Exhibit 4</u>.

16. Beverly Yoder Riggio has represented to Erie that she intends to pursue proceeds of the Policy.

17. Rene Yoder has demanded that Erie send her claims forms for the proceeds of the Policy.

18. In light of the foregoing, Erie has a real and reasonable fear of double liability or vexatious, conflicting claims regarding the proceeds of the Policy.

19. Accordingly, Erie requires direction of the Court as to whom should receive the proceeds of the Policy.

20. Erie is prepared to remit the proceeds of the Policy to the Clerk of the U.S. District Court for the Northern District of Indiana to be held for the benefit of the parties to this interpleader action until the Court determines how the proceeds of the Policy shall be disbursed.

21. Erie has filed a motion to interplead funds, in which it requests an order from the Court to deposit the funds with the Clerk pursuant to Rule 67 of the Federal Rules of Civil Procedure.

Wherefore, Plaintiff, Erie Family Life Insurance Company, prays the Court:

A. direct Erie to deposit the $100,000 in life insurance proceeds, plus accrued interest, with the South Bend Division of the U.S. District Court for the Northern District of Indiana, pending the decision of the Court as to the proper distribution of the funds;

B. order Defendants to interplead and litigate and/or settle among themselves, and with Erie, their rights and claims, if any, to the deposited funds;

C. restrain and enjoin Defendants from instituting, pursuing or prosecuting any action in any state or U.S. District Court against Erie arising out of the Policy;

D. after deposit of the insurance proceeds with the Court, discharge Erie, with prejudice, from any and all liability as to Defendants arising out of the Policy;

E. award Erie costs and expenses, including but not limited to attorney's fees, associated with the filing of this matter; and

F. grant all other relief just and proper in the premises.

*/s/ Anna M. Mallon*
Anna M. Mallon, Atty. No. 23693-49
Christopher Goff, Atty. No. 36833-49

*Attorneys for Plaintiff, Erie Family Life Insurance Company*

Anna M. Mallon, Atty. No. 23693-49
Christopher Goff, # 36833-49
Paganelli Law Group
10401 N. Meridian Street, Suite 450
Indianapolis, IN  46290
Tel:  317.550.1855
Fax: 317.569.6016
E-Mail:  amallon@paganelligroup.com