UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIE FAMILY LIFE INSURANCE
COMPANY,

          Plaintiff,

   v.                                      CAUSE NO. 3:23-CV-45 DRL-MGG

RENE MARIE YODER *et al.*,

          Defendants.

## ORDER

On January 23, 2023, Erie Family Life Insurance Company commenced this interpleader action against Beverly Yoder Riggio, Patricia Plew Kopriva, and Rene Marie Yoder based on their competing claims for the proceeds of an insurance policy worth $100,000 [1]. On February 16, 2023, the court granted Erie's motion to interplead funds and ordered Erie to deposit the funds with the clerk [12]. Ms. Yoder and Ms. Riggio filed counterclaims against Erie, but the court later dismissed both [35, 39]. The court dismissed Erie from the case on July 20, 2023, allowing the claimants to litigate their rights to the funds among themselves [40]. What remained was a crossclaim by Ms. Yoder against Ms. Riggio and Ms. Kopriva, and a crossclaim by Ms. Riggio against Ms. Yoder [*see* 22, 27].

On January 5, 2024, the two crossclaimants, Ms. Yoder and Ms. Riggio, filed a stipulation to dismiss all claims and crossclaims with prejudice and for disbursement of the interpleader funds to Ms. Yoder and Ms. Riggio [50]. Though served with process nearly a year ago [*see* 8], Ms. Kopriva has yet to appear in the action. "The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *Gen. Accident Grp. v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn. 1984), *aff'd*, 767 F.2d 907 (2d Cir. 1985); *see also BBVA USA Bancshares, Inc. v. Bandy*, 2020 U.S. Dist. LEXIS 102770, 8 (N.D. Ala. June 11, 2020) (the court has "has inherent authority in appropriate circumstances to *sua*

*sponte* enter a default judgment that in an interpleader action [] serves to terminate the party's interest in the fund at issue"). There are no circumstances evident on this record to deviate here.

Accordingly, the court GRANTS the stipulation to dismiss and disburse funds [50], DISMISSES all remaining claims with prejudice, with each party to bear its own costs, and DIRECTS the clerk to distribute the funds held in this case as follows:

1. $20,000.00 payable to "Rene Marie Yoder" and distributed in care of her counsel of record, Marianne R. Tucker, at her information on file with the court.

2. The rest, residue, and remainder of all funds held by the clerk (approximately $80,611.16) payable to "Beverly Yoder Riggio" and distributed in care of her counsel of record, Michael C. Cooley, at his information on file with the court.

SO ORDERED.

January 16, 2024  *s/ Damon R. Leichty*
Judge, United States District Court

2